IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES JEROME JORDAN, | No. 4:24-CV-00356 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| J. BARVES, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

APRIL 11, 2024

Plaintiff Charles Jerome Jordan filed the instant *pro se* civil rights action alleging various constitutional violations by federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Because Jordan fails to state a claim upon which relief may be granted and because permitting leave to amend would be futile, the Court will dismiss his complaint with prejudice under 28 U.S.C. § 1915A(b)(1).

I.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[1] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks Federal Rule

---

[1]   *See* 28 U.S.C. § 1915A(a).
[2]   *Id.* § 1915A(b)(1).

of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8] Second, the court should distinguish well-

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Jordan proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]  This is particularly true when the *pro se* litigant, like Jordan, is incarcerated.[13]

## II.   DISCUSSION

Jordan first alleges that BOP officials failed to adhere to certain agency regulations during prison disciplinary proceedings, thereby infringing his Fifth Amendment procedural due process rights.[14]  He additionally claims that, based on the way his administrative remedies were allegedly handled (or mishandled), he was denied access to the courts.[15]  Finally, he contends that he was wrongfully

---

[9]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11]  *Iqbal*, 556 U.S. at 681.
[12]  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[13]  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[14]  Doc. 2 at 5-8.
[15]  *Id.* at 8-10.

retaliated against for filing administrative remedies.[16] He sues ten individual federal officials and the United States.[17]

The Court observes that, because Jordan is suing federal actors for alleged constitutional deprivations, his claims implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[18] Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored judicial activity."[19]

Jordan's *Bivens*-based claims are fatally deficient. His First Amendment retaliation claim is expressly foreclosed by recent Supreme Court precedent. His First and Fifth Amendment access-to-courts claim fails to state a claim for relief and likewise would represent an extension of *Bivens* that is unwarranted and has been rejected by this and multiple other courts. Finally, his Fifth Amendment procedural due process claim fails to state a claim for relief, is likely barred by the favorable termination rule in *Heck v. Humphrey*, and represents an extension of *Bivens* that has been repeatedly rejected. The Court will take each *Bivens* claim in turn.

---

[16] *Id.* at 10-12.
[17] Doc. 1 at 1-2.
[18] 403 U.S. 388 (1971).
[19] *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citation and internal quotation marks omitted).

### A.     First Amendment Retaliation

The Court need not spend substantial time on Jordan's *Bivens*-based First Amendment retaliation claim. In 2022, the Supreme Court of the United States explicitly held that "there is no *Bivens* cause of action for [a] First Amendment retaliation claim."[20] That definitive pronouncement by the nation's highest court is the end of the matter for Jordan's attempt to seek damages for alleged retaliation by federal BOP officials.

### B.     First and Fifth Amendment Access to Courts

Under the First and Fifth Amendments to the United States Constitution, federal "prisoners retain a right of access to the courts."[21] Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[22] To adequately plead an access-to-courts claim that is backward-looking in nature,[23] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in

---

[20]   *Egbert v. Boule*, 596 U.S. 482, 498-99 (2022).
[21]   *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).
[22]   *Id.* (citing *Lewis*, 518 U.S. at 354-55).
[23]   There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

the present denial of access suit."[24]  The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy."[25]

Simple recitation of the elements of an access-to-courts claim reveals that Jordan cannot state one.  He contends that prison officials hampered his ability to utilize the BOP's administrative remedy process, thereby preventing him from properly exhausting his due process claims.[26]  However, he does not allege that he suffered an "actual injury," *i.e.*, that he lost a chance to pursue a nonfrivolous underlying challenge to his criminal sentence or a conditions-of-confinement claim.  Nor has he plausibly alleged that he has "no other remedy" except a denial of access lawsuit.  In point of fact, Jordan has—without issue—filed the instant civil rights action asserting his due process claims.  Moreover, in the event that Jordan failed to exhaust administrative remedies because of prison officials' misconduct, he could simply assert the nonfrivolous argument that the BOP's actions rendered administrative remedies unavailable.[27]

The Court additionally observes that, even if Jordan could plausibly state a First and Fifth Amendment access-to-courts claim, such a claim would present a

---

[24] *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).
[25] *See Christopher*, 536 U.S. at 416-17.
[26] Doc. 2 at 8-10.
[27] *See Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).

new *Bivens* context.[28] And multiple courts within and outside this circuit, including this Court, have held that an extension of *Bivens* to this new context is unwarranted.[29] So even if Jordan could allege the necessary elements for an access-to-courts claim, there is no *Bivens* remedy available to him for such a claim.

### C.  Fifth Amendment Due Process Claim

Jordan's primary claim is that his Fifth Amendment due process rights were violated by BOP officials during a disciplinary proceeding. He recounts that, in November 2022, he was placed in the Special Housing Unit (SHU) while under S.I.S. investigation.[30] He argues that his due process rights were violated because he "was never given an administrative detention order (ADO) stating that [he] was pending SIS investigation," which Jordan maintains is a "clear violation of [28 C.F.R. §] 541.25 through 541.25(a)."[31] This *Bivens* claim is deficient for at least four reasons.

First, Jordan has not indicated that a protected liberty or property interest is implicated in the instant due process claim. He does not allege, for example, that he lost good conduct time as a result of the disciplinary proceedings. Furthermore,

---

[28] *See Vega v. United States*, 881 F.3d 1146, 1153 (9th Cir. 2018).
[29] *See, e.g., id.* at 1154-55; *Dockery v. Baltazar*, No. 4:20-CV-01676, 2021 WL 2014969, at *4 & n.37 (M.D. Pa. May 19, 2021) (Brann, J.); *White v. Hess*, No. 14-CV-03339, 2020 WL 1536379, at *5-6 (E.D.N.Y. Mar. 31, 2020); *Winstead v. Matevousian*, No. 1:17-CV-00951, 2018 WL 2021040, at *2-3 (E.D. Cal. May 1, 2018), *adopting report & recommendation*, 2018 WL 3357437 (E.D. Cal. July 9, 2018).
[30] Doc. 2 at 5.
[31] *Id.*

placement in short-term administrative or disciplinary segregation, without more, does not amount to an "atypical, significant deprivation" that would create a liberty interest for a due process claim.[32] Without identifying a protected liberty or property interest that is at stake, Jordan cannot state a procedural due process claim.[33]

In his complaint, Jordan mentions that the disciplinary incident affected his "recidivism" risk level, which is likely a reference to his PATTERN recidivism risk score under the First Step Act (FSA) of 2018.[34] It is possible that a change in recidivism risk score could affect accrual of time credits under the FSA and thus implicate a liberty interest.[35] Nevertheless, Jordan has not proffered any allegations that his FSA time credits were affected.

Second, the mere fact that Jordan was not promptly provided an administrative detention order does not establish a constitutional violation. Section 541.25(a) of Title 28 of the Code of Federal Regulations states, in pertinent part, "When placed in administrative detention status, you will receive a copy of the administrative detention order, *ordinarily* within 24 hours, detailing the reason(s)

---

[32] *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *Wilson v. Hogsten*, 269 F. App'x 193, 195 (3d Cir. 2008) (nonprecedential) (explaining that 10-month incarceration in SHU during investigation and lack of formal administrative detention order "did not rise to the level of a constitutional violation").
[33] *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (noting that first step in any procedural due process claim is identifying a protected interest that is "at stake").
[34] Pub. L. 115-391, 132 Stat. 5194 (2018).
[35] *See* 18 U.S.C. § 3632(d)(4)(A)(i), (ii).

for your placement" in the SHU.[36] As the plain language of the regulation indicates, an inmate will "ordinarily" receive a copy of the administrative detention order within 24 hours, which naturally means that the regulation does not require or guarantee receipt of the order within 24 hours.[37] Jordan has not indicated how he was prejudiced by not timely receiving the administrative detention order or notification of the SIS investigation, other than cursorily concluding that if he would have been notified prior to the DHO hearing, "he would have argued the violation of program statements."[38] But Jordan has not plausibly alleged how asserting a "violation of program statements" would have altered the outcome of his disciplinary proceedings.

Additionally, to the extent that Jordan maintains that the BOP's alleged violation of internal policies or regulations regarding failure to deliver the administrative detention order infringes his Fifth Amendment due process rights, it is well settled that "a violation of internal policy does not automatically rise to the level of a Constitutional violation."[39] And Jordan has not pled facts showing that

---

[36] 28 C.F.R. § 541.25(a) (emphasis supplied).
[37] *See Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining district court's reasoning that "ordinarily" held within a certain time does not mean required to be held within a certain time).
[38] Doc. 2 at 6; *see Cook v. Warden, Fort Dix Corr. Inst.*, 241 F. App'x 828, 829 (3d Cir. 2007) (nonprecedential) (finding that, because delay in receiving DHO's report "had no prejudicial effect on [petitioner]'s administrative appeal," such a claim was meritless).
[39] *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *Williamson v. Garman*,

the regulations themselves create a liberty or property interest such that their violation could infringe his due process rights.[40]

Third, Jordan's due process claim is likely barred by the favorable termination rule in *Heck v. Humphrey*.[41]  Doing as Jordan asks—*i.e.*, overturning and expunging the disciplinary matter and sanctions, restoring his "custody points" and "recidivism risk," *etc.*—would necessarily imply the invalidity of the underlying disciplinary proceeding and its sanctions.  This type of post-hoc, civil rights challenge to a prison disciplinary proceeding (that potentially affects the duration of confinement if FSA time credits were affected) is unequivocally barred by Supreme Court precedent unless the prisoner has demonstrated that the disciplinary charge has been invalidated.[42]

Fourth, and last, any Fifth Amendment due process claim involving prison disciplinary proceedings represents a new *Bivens* context.[43]  Like Jordan's access-to-courts claim, multiple courts—including this Court—have held that an

---

No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").

[40] *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential) (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)).

[41] 512 U.S. 477 (1994).

[42] *See Edwards v. Balisok*, 520 U.S. 641, 643, 648 (1997) (applying *Heck v. Humphrey* bar to inmate's Section 1983 due process challenge to prison disciplinary proceedings resulting in loss of good time credits); *Torres v. Fauver*, 292, F.3d 141, 149-50 (3d Cir. 2002) (holding that only challenges affecting fact or duration of confinement are barred by *Heck v. Humphrey*'s favorable termination rule).

[43] *See Vega*, 881 F.3d at 1153 (noting that Supreme Court has never expanded *Bivens* "to Fifth Amendment procedural due process claims arising out of a prison disciplinary process").

extension of *Bivens* to this new context is unwarranted.[44] So even if Jordan could plausibly state a Fifth Amendment procedural due process claim for the prison disciplinary proceedings, there is no *Bivens* remedy available to him for such a claim.

### D. Federal Tort Claim Act (FTCA) Claims

"The FTCA offers a limited waiver of the federal government's sovereign immunity from civil liability for negligent acts of government employees acting within the scope of their employment."[45] "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court. Thus, 'the extent of the United States' liability under the FTCA is generally determined by reference to state law.'"[46]

Jordan's complaint references the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680,[47] but none of his allegations implicate a state law tort cause of action. Rather, his purported "FTCA" claims simply reassert several

---

[44] *See id.* at 1154-55; *Dockery v. Baltazar*, No. 4:20-CV-01676, 2021 WL 2014969, at *4 & n.38 (M.D. Pa. May 19, 2021) (Brann, J.) (declining to extend *Bivens* to Fifth Amendment due process claim and collecting cases); *Louis-El v. Ebbert*, 448 F. Supp. 3d 428, 439-41 (M.D. Pa. 2020) (Brann, J.) (declining to extend *Bivens* to Fifth Amendment due process claim involving deprivation of property); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 59-62 (E.D.N.Y. 2017) (declining to extend *Bivens* to Fifth Amendment due process claim regarding placement in SHU while in federal custody).

[45] *Rinaldi v. United States*, 904 F.3d 257, 273 (3d Cir. 2018); *see also* 28 U.S.C. § 1346(b)(1).

[46] *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 361-62 (3d Cir. 2001) (quoting *Reo v. U.S. Postal Serv.*, 98 F.3d 73, 75 (3d Cir. 1996)).

[47] *See* Doc. 1 at 1, 8; Doc. 2-10.

of the same alleged constitutional violations that he raises under *Bivens*.[48] Although Jordan uses the term "negligent" in his administrative FTCA filing,[49] the detailed explanation of his claim provides the exact same argument that he raises in the instant *Bivens* lawsuit, *i.e.*, that he failed to receive an "administrative detention order stating that he was pending SIS investigation" in violation of 28 C.F.R. § 541.25(a), which "triggers a violation of [his] constitutional [r]ights."[50]  He also asserts an identical access-to-courts claim regarding BOP officials' alleged failure to follow certain regulations with respect to administrative remedies.[51]  These purported constitutional violations are not state law tort actions against the federal government and therefore they are not cognizable FTCA claims.

### E.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[52]  Leave to amend will be denied as futile.[53]  Jordan cannot plausibly state a *Bivens* claim that does not extend *Bivens* to a new context.  His *Bivens* claims are either explicitly foreclosed by Supreme

---

[48] *See* Doc. 2-10 at 2-3.
[49] *See id.* at 2.
[50] *Id.*
[51] *Id.*
[52] *Grayson*, 293 F.3d at 114.
[53] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (citation omitted)); *Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[T]he district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss.").

Court precedent or have already been determined by multiple lower courts to be unwarranted extensions of the *Bivens* remedy. And his FTCA claims are, in actuality, a mere reiteration of his *Bivens* claims. Accordingly, the Court will dismiss Jordan's complaint with prejudice.

### III. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Jordan's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge